STATE *v.* JOHN BARILLE

(No. 7104)

Submitted February 17, 1932.    Decided February 23, 1932.

568

*Strother, McDonald & Rosenshine* and *Powell & Clifford,* for plaintiff in error

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

The defendant, John Barille, was convicted of buying and receiving four steers which he knew were stolen, and was sentenced to the penitentiary for five years.

The conviction was made on the testimony of M. F. Lowther who admits that he, alone, stole the cattle (six in all) but claims he stole them at the suggestion of defendant (a stranger) who purchased them from him, knowing they were stolen.

The defendant denies having made any suggestions to Lowther and having any knowledge of the theft. He claims that Lowther represented that he was the owner of the cattle and had no place to keep them, and for that reason was willing to sell them at a sacrifice. The defendant's conduct was not what we would expect ordinarily of one who knowingly takes stolen cattle into his possession. The cattle bore distinguishing marks. Yet they were loaded by defendant on two separate occasions in a truck on a public road; were brought over the public road to the city of Clarksburg; were left in the truck on one trip on one of the main streets of the city for an hour or so; and then were placed and kept in a field along a public road—all of which was done in the daytime. There was nothing whatever furtive about the conduct of the defendant throughout this whole transaction.

Lowther, a young man, had been in the reform school and was under observation by the police as one whose record was not good. His testimony contains inconsistencies and contradictions and shows that he has little regard for the truth. The only evidence tending to support him is (a) that of an officer who saw him and defendant talking together several times prior to the theft of the cattle, and (b) the low price, $165.00, defendant paid for the cattle which were worth approximately $400.00.

We find no error of consequence in the evidence or the instructions. A charge that the jury heard a prejudicial remark of a bystander concerning the defendant is not sustained. However, the case was of much local interest, and the newspapers published extensive narrative articles on the trial. Those newspapers were accessible to the jury and were admittedly read by several jurors. Some of the reportorial deductions (from the evidence) in the newspapers were unfavorable to the defendant. For example, one newspaper carried the following subheadlines: "John Barille took Lowther to farm and pointed out cattle," (i. e. the cattle to be stolen). Permitting jurors in a criminal trial to read newspaper accounts of the proceedings which may mislead or improperly affect them is generally regarded as prejudicial to the accused. 16 C. J., subj. Crim. Law, sec. 2538; 46 L. R. A. (N. S.) 742 (note); *State* v. *Robinson*, 20 W. Va. 713, 762-3, 43 Am. Rep. 799. We do not favor the inflexible application of this rule where a manifestly just verdict has been returned, but are of opinion that it should be applied whenever the evidence of guilt challenges credulity, as in this case.

Accordingly, the judgment and verdict against defendant are set aside, and a new trial awarded.

*Judgment reversed, verdict set aside,*
*and a new trial awarded.*